UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
ANGEL LIMA,                                                      :    04 CV 1326 (ARR)
                                                                 :
                              Plaintiff.                         :    NOT FOR
                                                                 :    PUBLICATION
       -against-                                                 :
                                                                 :    OPINION
Fox Television Station, Inc.,                                    :    AND ORDER
                                                                 :
                              Defendant.                         :
---------------------------------------------------------------- X

ROSS, United States District Judge:

The court has received the Report and Recommendation on the instant case dated September 30, 2005 from the Honorable Roanne L. Mann, United States Magistrate Judge. By order dated December 14, 2004, the court dismissed the instant case with prejudice for failure to prosecute, after plaintiff's counsel, Mr. Warren Randolph Kraft, had violated five court orders. The court subsequently referred to Judge Mann the calculation of reasonable attorney's fees and costs to be imposed as sanctions against Mr. Kraft. Judge Mann recommended that the defendant be awarded $30,000 for the attorney's fees and costs incurred in defense of this action.

Mr. Kraft filed timely objections to the Report and Recommendation. Mr. Kraft argues that a $30,000 sanction is unwarranted because 1) he did not receive safe harbor notice for failure to file the Rule 11 certification and 2) there was no factual support to establish that he acted in bad faith.[1] Mr. Kraft's first objection is meritless. Safe harbor notice only applies to a sanction

---

[1] Mr. Kraft also claims that Judge Mann improperly cites two other disciplinary matters in which he was reprimanded by the court. Mr. Kraft's objections to Judge Mann's legal reasoning are wholly without merit and thus do not warrant further attention by this court.

1

ruling initiated by motion. Fed. R. Civ. Proc. 11(c)(1)(A); see also In re Pennie & Edmonds LLP, 323 F.3d 86, 89 (2d Cir. 2003) ("A sanction proceeding may also be initiated by a court on its own motion by issuance of a show cause order, but no 'safe harbor' opportunity exists to withdraw or correct a submission challenged in a court-initiated proceeding." (citations omitted)). Here, Judge Mann—upon her own initiative—recommended sanctions for counsel's failure to satisfy the objective certification standard of Rule 11 and for failure to comply with court orders directing him to provide initial disclosures, as required by Rule 26(a). See Report & Recommendation dated November 5, 2004; Report & Recommendation dated September 30, 2005 ("R&R 9/30/05"). Thus, the safe harbor provision of Rule 11 does not apply, and the court dismisses Mr. Kraft's first objection as meritless.

Mr. Kraft's second objection is also without merit. He argues that Judge Mann did not have the factual support to establish that Mr. Kraft acted in bad faith. The court has reviewed the record, however, and is satisfied that there is sufficient factual basis to support Judge Mann's conclusion that "[e]vidence of bad faith is abundant in this case." R&R 9/30/05. The record demonstrates that Mr. Kraft repeatedly ignored court orders and repeatedly failed to appear before the court for scheduled conferences. Furthermore, he offered no legitimate explanation for his total disregard of the court's directives and opposing counsel's time and resources. Consequently, Mr. Kraft's objection on this issue is wholly without merit.

For the foregoing reasons, having conducted a <u>de</u> <u>novo</u> review of the record, <u>see</u> 28 U.S.C. § 636(b)(1), the court hereby adopts the Report and Recommendation as the opinion of the court. Accordingly, the defendant shall be awarded $30,000 for the attorney's fees and costs incurred in defense of this action. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

                                                  Allyne R. Ross
                                                  United States District Judge

Dated: October 19, 2005
       Brooklyn, New York

SERVICE LIST:

**Attorney for the Plaintiff**

W. Randolph Kraft
26 Court Street
Suite 1304
Brooklyn, NY 11242

**Attorneys for the Defendant**

Blythe E. Lovinger
Kasowitz Benson Torres & Friedman LLP
1633 Broadway
New York, NY 10019-6799

Mark W. Lerner
Kasowitz Benson Torres & Friedman LLP
1633 Broadway
New York, NY 10019-6799